# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2646 | **DATE** | 11/10/2010 |
| **CASE TITLE** | Sheldric Moore vs. Village of Dolton, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, defendants Village of Dolton, Detective Griffin, and Detective Graham's "Motion to Dismiss Plaintiff's Complaint" [13] is granted. Counts I, III, IV, V, VI, and VII are dismissed with prejudice. Moore's § 1983 claim for excessive force against Detective Griffin and Detective Graham in Count II remains pending. Detective Griffin and Detective Graham's Answers are due on or before 12/3/2010. Counsel for all parties are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 12/10/10. Status hearing set for 12/16/10 at 9:00 a.m. for purposes of scheduling further dates. Parties are encouraged to take the time to discuss settlement, and report on the status thereof on 12/16/10.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

Plaintiff Sheldric Moore ("Moore") has filed a seven-count complaint against defendant Village of Dolton and two of its police officers, defendant Detective Griffin and defendant Detective Graham, alleging violations of state and federal law arising from Moore's arrest on January 2, 2009. Moore's claims against Detective Griffin and Detective Graham include state law claims for assault and battery (Count I) and intentional infliction of emotional distress (Count VII), and a federal claim for excessive force in violation of 42 U.S.C. § 1983 (Count II). Moore also claims that the Village of Dolton is liable for the actions of its employees pursuant to a theory of *respondeat superior* (Count IV), is liable under state law for negligently failing train and supervise its officers (Count III), and is liable under the Illinois constitution and under 42 U.S.C. § 1983 for an alleged "widespread practice" of "using force to gain compliance" (Counts V and VI). Now pending before the court is the Village of Dolton's "Motion to Dismiss Plaintiff's Complaint" (Dkt. No. 13), which has been adopted by both Detective Griffin and Detective Graham.

In responding to the pending motion, Moore has conceded that his *Monell* claim (Count V) and his *respondeat superior* claim (Count IV) should be dismissed. The remaining question before the court is whether Moore's state law claims (Counts I, III, VI, and VII) are barred by the statute of limitations set forth in the Local Governmental and Governmental Employees Tort Immunity Act (the "Illinois Tort Immunity Act"), 745 ILCS 10/8-101(a). It is undisputed that Moore's § 1983 claim for excessive force against Detective Griffin and Detective Graham (Count II) is timely.

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiffs generally need not anticipate or attempt to defend against affirmative defenses; however, dismissal is appropriate if the allegations in the complaint "plainly reveal[ ] that an action is untimely." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). The relevant portion of the Illinois Tort Immunity Act states:

> No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS 10/8-101(a). It is undisputed that the underlying actions at the heart of Moore's complaint took place on January 2, 2009. (*See* Dkt. No. 1 ("Compl.") ¶ 8.) However, Moore argues that the one-year statute of limitations was tolled until the conclusion of his underlying criminal case on August 17, 2009. This distinction is important, in light of the fact that Moore filed his case with this court on April 29, 2010—more than one year (approximately fifteen months) after his arrest, but less than one year (approximately eight months) after the conclusion of his criminal case.

Moore cites the case of *Finwall v. City of Chicago*, No. 04-C-4663, 2005 WL 78948 (Jan. 12, 2005) (Manning, J.), in support of his position. The court in *Finwall* addressed the question of whether the plaintiff's § 1983 claims for false arrest and false imprisonment were time-barred under the applicable two-year statute of limitations. Noting that success on the plaintiff's false arrest and false imprisonment claims—which were based on allegations that the defendants fabricated evidence against the plaintiff—"would have 'necessarily imp[lied] the invalidity of a potential conviction,'" the court held that the statute of limitations did not begin to run on the plaintiff's § 1983 claims for false arrest and false imprisonment until the plaintiff was later acquitted. *Finwall*, 2005 WL 78948, at *3 (quoting *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2003) (alteration in original)). In short, the court applied the rationale of *Heck v. Humphrey*, 512 U.S. 477 (1994), which "bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence," to determine the accrual date of the plaintiff's § 1983 claims. *Wiley*, 361 F.3d at 996.

In this case, Moore does not explain how his claims for assault and battery, intentional infliction of emotional distress, negligent training and supervision, and violation of the Illinois constitution had the potential to undermine his potential conviction for battery and resisting arrest, nor does he explain any other reason why he could not raise these claims earlier. To the extent Moore relies on § 1983 case law in support of his position, his reliance is misplaced. The Seventh Circuit has recently recognized that "a [§ 1983] claim that accrues before a criminal conviction may and usually must be filed without regard to the conviction's validity." *Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). This includes claims for excessive force, which are generally not considered incompatible with a defendant's conviction. *Id.* at 364. This court is not persuaded that *Finwall*, dated two years before the Supreme Court's holding in *Wallace*, requires a different outcome. Because Moore's state law claims were filed more than one year after the date they accrued, and because Moore has not articulated any valid reason for tolling this statute of limitations, Counts I, III, VI, and VII are untimely.

Moore argues in the alternative that the statute of limitations set forth in the Illinois Tort Immunity Act should not apply to his claims against Detective Griffin and Detective Graham in their individual capacities. On its face, Section 8-101(a) applies to any civil action filed "against a local entity or any of its employees." 745 ILCS 10/8-101(a). Moore argues that this provision does not apply to his claims against Detective Griffin and Detective Graham in their individual capacities, because these claims are analogous to

| STATEMENT |
|---|

generic claims for personal injury. The court disagrees. "Under Illinois law, the [Tort Immunity Act] statute of limitations applies where a public employee is sued individually for acts that occur during the course of employment." *Crockett v. City of Northlake, Ill.*, No. 00 C 4542, 2002 WL 31236085, at *14 (N.D. Ill. Oct. 1, 2002) (Schenkier, M.J.) (citing *Racich v. Anderson*, 608 N.E.2d 972, 973 (Ill. App. Ct. 3d Dist. 1993)). Throughout his complaint, Moore specifically alleges that Detective Griffin and Detective Graham were "acting under color of the law of Village of Dolton, County of Cook, and State of Illinois at all times relevant to their action" and acted as "agents, servants, or employees of Defendant, Village of Dolton." (*See* Compl. ¶¶ 4, 13, 30, 37, 39, 48, 62-63, 65.) Where a plaintiff "does not allege that [defendants] were acting in any capacity other than as agents of [a municipality] when the alleged misconduct occurred," the one-year statute of limitations from the Illinois Tort Immunity Act applies. *Wright v. Vill. of Calumet Park*, No. 09-cv-3455, 2009 WL 4545191, at *3 (N.D. Ill. Dec. 2, 2009) (Darrah, J.).

    For the reasons set fort above, defendants Village of Dolton, Detective Griffin, and Detective Graham's "Motion to Dismiss Plaintiff's Complaint" (Dkt. No. 13) is granted. Counts I, III, IV, V, VI, and VII are dismissed with prejudice, and Moore's § 1983 claim for excessive force against Detective Griffin and Detective Graham (Count II) remains pending before the court.

*James F. Holderman*